Our next case for argument is 25-1205, Brack v. Collins. Ms. Leff, please proceed. Thank you, Your Honor. May it please the Court. When a veteran asks to exercise an undisputed procedural right, the Fair Process Doctrine obligates the board to provide that procedure to the fullest extent allowable by statute and regulation. Can I just ask a couple of starting questions? So the Fair Process Doctrine, is that a doctrine that this Court has endorsed, or is that limited so far to Bryant and the Veterans Court? The Fair Process Doctrine was created by the Veterans Court and has been acknowledged by this Court in two decisions, Sprinkle and Francis, and this Court has never overruled the creation of that doctrine. But that's not what I asked. I didn't ask if we overruled the creation of the doctrine. I asked if we ever adopted it. In Sprinkle v. Shinseki, the Court reiterated that it is a non-constitutional right fashioned out of the non-adversarial system. And the Veterans Court has decades of case law applying that doctrine. And notably, are you standing here telling me that this Court is bound by the decision in Sprinkle that this Fair Process Doctrine exists? No, that's not my argument, Your Honor. To be clear, the government has forfeited any argument that the Fair Process Doctrine is now coextensive with due process because it did not raise it to the Veterans Court. On Appendix 1431, the Secretary expressly acknowledged that the Fair— None of these arguments have to do with my question, which is to what extent are we, this Court, bound by this Fair Process Doctrine? Not what is the government waived, not what is the Veterans Court held, but what is the state of law in this Court on this Fair Process Doctrine? Have we ever adopted it, or is this a case of first impression? This Court has not adopted it, and so it would be a case of first impression. But where the Veterans Court has created a doctrine and applied it over decades of case law, it is fair for the veteran to expect that doctrine to apply and to exercise those rights. Here, there's no dispute that Mr. Breck had a right to submit arguments— The problem with that concept is that Congress changed the entire legal landscape for veterans with the AMA. And so whether that Fair Process Doctrine and the particular way in which this veteran wants to utilize it continues to exist post-AMA is a different question. So even if we had ruled on it in Sprinkle, I was probably going to say to you, as you might have expected and anticipated, that the AMA possibly has changed the legal landscape. So what do you say to that? Because this veteran is seeking to force the Board to allow something under the Fair Process Doctrine that there were multiple vehicles in light of the new AMA set of procedures for him to avail himself of his desire for more time to submit evidence and all of that. So what do we do with this AMA change? I mean, that's why I think the argument that there has been decades of veterans law on the Fair Process Doctrine, it just doesn't have any place in this case because the AMA fundamentally changed the landscape, creating five separate avenues for veterans to pursue. And so I think that that's kind of what we have to figure out now. The changes made under the AMA do not change what the Fair Process Doctrine required here. Even in the direct review lane, veterans have an undisputed right to submit argument to the Board. There is no statutory or regulatory deadline for doing so. So here where Mr. Rack indicated intent to submit argument and requested time to do so, and the Board offered no contrary response, he had a reasonable expectation that the Board would hold off on issuing its decision. Do you think whenever someone has a reasonable expectation based on their request for additional time, that this doctrine should apply? That's correct, Your Honor. And isn't it true, though, that in Bryant, the reasonable expectation that the Board would wait was based on an actual regulation that provided for 90 days? No, the Bryant holding is not so narrow. In Bryant, the veteran indicated intent to submit argument when they were generally authorized to do so, and the Veterans Court implicitly read in that expressed intent that the veteran was requesting the maximum 90-day period that was allowable by regulation at that time, and where the Board offered no contrary response, the veteran had a reasonable expectation that the Board would hold off for that maximum period. Right, the maximum period of the regulatory period. Here, there is no regulatory period. That's the point I'm trying to make. They may agree that there's no regulatory period. Correct, but the absence of any regulation or statute setting a deadline for submitting argument is exactly what establishes Mr. Brack's reasonable expectation that when he stated an intent to participate in the adjudication of his appeal, when he had a right to submit argument and said when he believed that that deadline was, absent a contrary response from the Board setting a different reasonable deadline, Mr. Brack reasonably expected that he would have the time that he told the Board. I hear what you're saying. I mean, it's a hard case though for the reasons that Chief Judge Moore was mentioning it, in the sense that, you know, you're asking for an exception in a system that was changed by Congress relatively recently in order to make sure that things are flowing more quickly. And so, at least in Bryant, it's tied to a period that already existed and as opposed to someone saying, hey, I need 180 days, I need 200 days, I need 25 days, and changing the first tier system under, you know, the new veterans law, right? And that's my concern is not just thinking about Mr. Brack, but we have to think about the implications of the entire system. I mean, the implications of the entire system are served by saying that, even in the context of the direct reviewing, when a veteran indicates an intent to submit argument and asks for time to do so, unless the Board says otherwise, the veteran has a reasonable expectation that they will be afforded that time. The changes to the AMA were implemented to tackle- Policymaking and rulemaking, something that ordinarily I'm not comfortable to doing in my role as a judge. I mean, it's a legal question as to whether when a veteran has a undisputed procedural right and requests time to exercise that right, if they have a reasonable expectation that they'll be afforded that opportunity, unless or until the Board says otherwise, we're dealing with a proclaimant system that was changed to tackle VA-initiated delays, not delays instituted by a veteran seeking to participate in their appeal. The undisputed procedural right you're talking about is the right to be heard, but what you're asking us to do is say that fair process requires not just a right to be heard, but a right to have a delayed decision in order to further that right to be heard, when there are other ways to accomplish that. Isn't that really what you're asking? I mean, the right to be asserted here is the right to submit argument and to obtain and review the claims file that the VA has exclusive control over and to develop argument- It is true that at no point did Mr. Brock expressly request a delay for the purposes of submitting merely argument as opposed to evidence. I mean, the assumption here is that his request encompassed both, and to the extent that his selection of the direct review lane may have negated his expressed intent to submit evidence, it still would not have affected his expressed intent to submit argument when he selected a review lane that undisputedly included a right to submit argument. If he just wanted to submit argument, what would be wrong with, and I think this was largely the Veterans Courts analysis, he could have selected the I want a hearing. First of all, he could have waited, right? He had many, many more months. He could have waited to file his notice of disagreement if he really wanted a chance just to figure out his arguments after getting his Privacy Act request granted. There's no obligation for Mr. Brock to have waited. No obligation, but the question is whether fair process obligated the board to give him more time. I mean, even in the context of Bryant, the veteran there could have waited to file his notice of disagreement. He could have waited longer to file a substantive appeal, but he didn't. But you don't dispute that he could have waited. If he wanted more time to evaluate what he got in response to his request for evidence to formulate new arguments, he could have waited to file his notice of disagreement, correct? Mr. Brock could have waited, but he had no reason to expect that he needed to or had no motivation. He had already told the VA that he intended to file argument after receiving his claims file. He asked for the time to do so, and the VA was silent as to whether that request was denied. And could he also have, and I'm not saying he had to, I'm just trying to understand the scope of what may be a fair process requirement. He could have checked the I want a hearing box, and then once the hearing was scheduled, he could have exercised his right to switch lanes to direct review and then just submitted argument. Could he have done that? I mean, that's putting a hefty burden on a veteran who's often proceeding. But he could have done it. He could have done that, but that would have also been effectively penalizing Mr. Brock for wanting to exercise his right to submit argument, a right that he still had in the direct review lane, and asking him to undertake more process than he wanted, specifically a hearing, in a proclaimant non-adversarial system where the board has duties to look out for the veteran. The veteran is not the one with the burden to take extra steps to preserve the right that they've already expressed they want to exercise. He did say he wanted to present new evidence, right? Mr. Brock did indicate that he wanted to submit evidence, and to the extent that there was a conflict in his selection of the direct review lane and that indicated intent, the board had a duty under 38 CFR 20.202 to reach out and clarify that intent with Mr. Brock. But regardless of that conflict, none of that changes that Mr. Brock stated an intent to submit argument, asked for time to do so, selected a revealing that still would have allowed him to exercise that right. The board never told him the deadline for submitting argument or that it was different than what he had indicated, and so he reasonably expected that he would have the time that he asked for. There's also the question of harmless error, right? So what argument would have been presented had he been able to? Mr. Brock has identified argument specifically that he had a pending claim that would have entitled him to an earlier effective date for his coronary artery disease claim, excuse me, had he been given the opportunity to develop it. Mr. Brock's representative would not have had the opportunity to even know of that claim until the VA sent him to the claims file. The claims file is a record of all communication between the board or the agency and the veteran, and the VA is in exclusive control of it. The veteran and the representative would not have had access to it until the VA provided it to him. So up until Mr. Brock's representative reviewed that claims file and developed argument, he would not have been able to fully submit that argument. But the government agrees, the Veterans Court has acknowledged that Mr. Brock has identified argument at some level that he would have developed, and that is sufficient on the undisputed record to establish that he was harmed by being shut out of the adjudication of his claim. To the extent that there's any question as to whether that argument was adequately developed or identified, that's simply a symptom of the fact that the time he thought he was being provided to develop that argument was cut short without any notice to Mr. Brock. I see that I'm into my rebuttal time and I'm happy to come back up or continue answering questions. Okay, Ms. Leff, let's save your rebuttal time. Thank you. Good morning, Your Honors, and may it please the Court. As you pointed out, Judge Moore, the AMA was an entirely new system created to establish efficiencies in terms of the processing of claims, and most notably at the board level. The idea was to give veterans a whole host of choices, both at the RO level and at the board level, to balance their interest in efficiency and getting a timely decision and their interest in providing new information. I understand the argument that there's maybe something inherent in the structure of the AMA setting up the different lanes that would suggest that fair process either shouldn't be adopted by this court or maybe is no longer a valid doctrine. But is there anything in the actual text of any provision in the AMA or any legislative history that would suggest that Congress intended to wipe out the decades of veterans court development of the fair process doctrine? There's nothing specifically that I'm aware of that the AMA intended to wipe out fair process as a doctrine, but the process that is due either if we're accepting fair process or under a due process framework depends on what the procedures are in place. For example, the process that would be due to a criminal defendant would be different than the process that would be due to a defendant in a civil case. So what the AMA did not necessarily was to change any sort of rights to process, but it changed what those rights were, what the framework that we're looking at. And when a veteran selects the direct review lane, they're indicating that they want the quickest decision possible. They're saying, and it specifically says this on the form, I do not intend to submit any additional evidence and I do not intend to have a hearing. And so in selecting the direct review lane, you're selecting the quickest option. And to then ask for sort of an exception to that saying, well, I want the quickest option, but not too quick because I have this argument is sort of asking for... The form doesn't say anything though about argument, right? It does not. It does not specifically address argument, but the difference... Is there any thought about changing the form? I mean, because it does say, this is the lane that'll give you the quickest review, but it doesn't say, but you might not be able to have time to present your argument. It doesn't set forth any particular time frame in direct review. So it doesn't say you have X amount of time to present argument or you don't have X amount of time. It doesn't give any warning of any kind to the veteran that in choosing the quickest route, it may turn out that you don't get to be heard. It does not specifically warn the veteran of that, but it does... Again, it doesn't say that you do have a specific time, which is in contrast to the other two lanes where in the evidence lane, you have at least 90 days to submit evidence. And in the hearing lane, you have the hearing plus 90 days to submit evidence. Don't get me wrong. I don't think it's my job to police the form, but it seems to me the form could be more clear. You avoid some problems in the future. That's certainly possible, Your Honor. And I know we are here today because the form and the regulations don't specifically mention argument, but that's actually key because they don't specifically authorize argument. They don't specifically prohibit argument, but there's nothing in there saying you should get extra time for argument. It distinguishes the Bryant case here because in the Bryant case, under the legacy system, there were regulations that said 90 days for three different things. Evidence, change of representation, and requesting a hearing. Again, they didn't say argument, but it was clear that the VA had interpreted that regulation to also encompass argument. Do you read Bryant as really being tied to that 90-day period in the regulation, and that's what created the reasonable expectation that you would have at least those 90 days in which to present your argument? I think that was part of Bryant. I think the other part of Bryant was the facts, and the facts there can be distinguished from the facts here. Because in Bryant, as I was saying, the VA was assuming that that 90-day regulation also encompassed 90 days to submit argument, and they even said so in the letter that they sent to Mr. Bryant. They said, you shall have 90 days to submit argument and the other three things covered in the regulation. He explicitly said, I intend to submit argument within 90 days. VA is telling him you have 90 days. He's saying, I'm definitely going to use that 90 days, and then the board makes a decision in less than 90 days. Here, things are a lot murkier. The letter that went to Mr. Brack did not say anything about time to submit argument. There was nothing in the regulations supporting a 90-day window, particularly in the Director of ULANE. I do remember correctly, though, don't I, that the board acknowledged the request for 90 days from receipt of the record in which to present evidence, which was then interpreted as evidence or argument? Is that right? In Mr. Brack's case or Mr. Bryant? In Mr. Brack's case. Do I have that right? I believe the board acknowledged that there was a request for time. Oh, right, yes. That's what I'm saying. The board acknowledged in its decision that there was a request for time. That removes the murkiness argument, I think. It's not quite so murky. If the board saw it, acknowledges it, saw the request, and says, well, we're not going to grant it anyway. Because the board interpreted the request to be one for evidence, and the board said, well, look, you selected the Director of ULANE where you clearly are prohibited from submitting evidence. And so the board said, well, presumably you no longer want to submit evidence, so we're going to deny that request. What do we do with that? Because you're right. At 32 and 33, the board is saying we understand the delay to be for evidence, but now you're in a lane where you can't submit evidence. But in this case, as it comes to us, it's conceded that he also requested an opportunity to present argument. And you've agreed not to argue to the contrary. So doesn't that make the board wrong in the reasons for rejecting his delay request? Perhaps. But underlying this, I think, is that the board didn't have to necessarily consider his delay request. Unlike in Bryant, where the board was saying you have 90 days to submit argument, nobody from VA ever indicated that here. Are you challenging that the veteran, whether the veteran has a right to make argument in the Director of ULANE? Not necessarily. Certainly, we didn't argue that below, so we can't raise that here. I will say that the Veterans Court, when they say it's presumed that argument is a right in the Director of ULANE, all the regulations that they cite in their decision don't specifically speak to that. They speak to a more general right to argument throughout the AMA. And I don't know if we would have jurisdiction, but how would we say that if he has a right to be heard, a right to argument in the Director of ULANE, how could we say that that right was not violated here? Because there's nothing that gives a time frame for argument, and there's nothing that says that the board needs to hold off on it. If I understand correctly, he had 60 days in which to switch lanes, and he had 90 days in which to change his representation. I think that latter one's in a regulation. If I'm right about those points, and help me if I'm not, doesn't that give a reasonable expectation that you'd have at least 60 days to present argument? So the regulation provides that he can switch lanes 60 days after the NOD or within a year of the date of the original RO decision. And then he also, as you mentioned, that opportunity to switch counsel, at least as to the latter question, the switching counsel, the regulation specifically says either 90 days or the date of the board decision, whichever it comes first. So it pretty much explicitly is saying the board does not have to wait to issue its decision to give the full 90 days to switch. The decision came 47 days after, was it the NOD here? Yes. So is it true, and I don't know that this is being argued, but that he lost 13 days that he might have reasonably thought he had to switch lanes had he wanted to? Yes, certainly he could have switched lanes. Again, there's nothing explicit in the regulation saying that the board has to wait or not wait for the opportunity to switch lanes. In candor, there was a recent Veterans Court case that did find that that 202C does require the board to give the full amount of time to switch lanes and to hold off on a decision, and that is how VA has been proceeding since that case came out. But that particular aspect was not being argued here, and that case postdates the Veterans Court decision. Before the Veterans Court, the Secretary conceded there is a general right to fair process. Kind of hard to not concede that, right? What are you going to say, no, there's no right to being fair? Right. So the Secretary conceded there's a right to fair process. What does that mean? Does that mean the Secretary has conceded that this Bryant Doctrine continues to apply post-AMA? I think it means that the Secretary concedes that there is a right to process, whether that's characterized as this separate doctrine of fair process that's been established by the Veterans Court, and this court has never opined on specifically, or whether that means something more akin to due process, or whether the two things are the same is questionable. But did you make this due process collapsing argument below? Not specifically, Your Honor. But I think that the Veterans Court decision can be implicitly read to raise this issue because they talk about the history of fair process, and then they mention this court's decision in Cushman. And then in response, if you read Judge Jacobson's concurrence, he seems to say the majority is questioning whether the fair process doctrine exists, and here's why I think it exists. But I agree with the ultimate decision because there's no prejudicial error. So in that sense, I think the Veterans Court could be read to have at least raised this issue sufficiently for us to raise it here. So if there's a right to fair process, even if it collapses into due process, and the veteran asked for a period of time in which to do something and the board didn't respond, is it the government's view that the assumption the veteran should assume that he was denied the request for the extra time? I mean, what's the government's position on how the veteran should understand what the process steps are? If there's a request and there's no response to the request, then the claimant should not assume that they have any additional time to submit argument. And particularly in this case, the time frame was difficult because what he asked for was 90 days from the date that he received the claims file. I get that what he asked for was difficult. But what I'm questioning is whether it's okay for the government to just not respond in a very proclaimant system, right? It's not like the board came back and said, no, I'm sorry, under the path you've selected, we will not give you the extra time. Actually, that's precisely what the board said. So the board did not ignore his request. They did, in fact, say, we acknowledge your request and we deny your request because— They denied it in the opinion, correct? Like they didn't say, no, we're not going to give you the full 90 days, so better act quick. Like they said, we're denying your request and here's our opinion, right? Right, right. It was within their opinion. In the opinion, sure, right. So that's not the same, I guess. You're not really giving them notice of the fact that you're not going to give them the extra time when you're actually issuing the order telling them he loses, right? That's not sort of putting them on notice that you're not going to have this extra time. And so if you want to do something, you have to do it now. Right. In that sense, then he should have assumed that he did not have the extra time at that point because there was— Even though the whole history of the Spare Process Doctrine would suggest that the board pre-AMA typically gave extra time for stuff like this? Right, because this is the AMA and he selected the direct review lane and that makes all the difference. Even if the VA had treated this differently pre-AMA and said that you do have the 90 days, it was different here. And in addition, I don't think under the legacy system that it was necessarily always 90 days, although he got the letter. But in the Bryant case specifically, not only did he get the letter, but he also asked for the 90 days. Don't you also have a harmless error argument here? Yes. So there's multiple grounds for harmless error here. Number one is that it's not very clear—and I see my time is up. I can finish. It's not very clear what argument specifically was going to be made below at or— Clear now after oral argument and after briefing or no? I think as a general matter, it's clear that the argument has to do with an earlier effective date and a 2017 decision that allegedly remains unadjudicated and pending. But it was not clear necessarily before the Veterans Court and indeed an argument before the Veterans Court, Mr. Brack's counsel, when asked what the argument was, said he wasn't really sure. But even assuming that we can accept that that argument is clear, there's another problem, two other problems. One is that even if he had erroneously been deprived of the opportunity to raise this before the board, he could have raised this before the Veterans Court. And the Veterans Court point set out in a footnote at the end of its opinion saying that issue preclusion is not as strict as it may be in other contexts, and they might have been open to hearing this argument anew even if he had never had the opportunity to raise it before the board. And then the third problem here is that even today, he could still file a supplemental claim asserting that this 2017 decision was unadjudicated, remains pending. He could still, assuming that he was right, then he could still get the 2017 effective date. So nothing is precluding him even today from making that argument, prevailing on that argument and getting that effective date ultimately. Okay. Thank you very much. Thank you. Ms. Leff, you have some rebuttal time. The board did not wait 47 days after the notice of disagreement to deny Mr. Brack's claim. It waited 47 days after the Privacy Act request was fulfilled. The board expressly acknowledged what it was doing on Appendix 32 to 33. It acknowledged Mr. Brack's Privacy Act request. It acknowledged when the VA specifically fulfilled it and his request for time based on that request, but it denied it knowingly. And now that the Veterans Court has assumed that Mr. Brack indicated intent to submit argument in time to do so, that right was undisputed in the direct review lane and completely consistent with it. In selecting the quickest review lane, Mr. Brack did not willingly give up other rights. And to the extent that the changes to the AMA were intended to change the landscape, it was built on the soil that the legacy system existed on. And if Congress intended for the direct review lane to obviate rights that had been recognized, it should have done so explicitly. But why don't you pivot to the harmless error argument? So Mr. Brack identified argument before the Veterans Court that he would have raised and developed. The Veterans Court did not engage in harmless error analysis in the first instance. What was the argument that he identified that he would have raised? Mr. Brack identified that he was entitled to an earlier effective date for his coronary artery disease based on a still pending claim. Where is the best site that I can find for him having raised that before the Veterans Court? He raised it at oral argument. We've collected the sites in the briefs and in the record. It would be at, excuse me, appendix 1389 and 1390. And in Mr. Brack's supplemental brief addressing specifically why fair process was violated on appendix 1416 through 1418, he identified an argument. He identified it here. What about the fact that an argument counsel said, I don't really know what arguments we would have made? That's not what Mr. Brack's counsel conceded before the Veterans Court. Mr. Brack's counsel identified the argument, but he admitted that he didn't know the full contours of what that argument would be. And that's because the argument didn't have the opportunity to be developed by the non-representative. But everyone agrees that at some level, he's identified an argument that he would have made and that he believes would have been dispositive on changing the result here. And that's all that's required to show harmful error. The fact that there may be other avenues that Mr. Brack could submit arguments, such as a supplemental statement of the case, doesn't change that he was denied the right that he sought to assert here and denied a meaningful opportunity to participate in the first instance in the adjudication of his claim before the board. The government has argued that in the direct review lane, the default should be to assume that absent a contrary response from the board, veterans should assume that an indicated intent to act on a right that they undisputedly have and ask for time. They should assume it's implicitly denied. This court recently in Hamel v. Collins rejected the implicit denial rule in the context of AMA claims because of the ongoing conversation embedded in the regulation system and in a system designed to be pro-claimant and non-adversarial where the VA owes duties to veterans to help them develop their claims and seek the benefits that they're entitled to. It cannot be the case that in the silence from the board, a veteran should assume their extension request is denied. And here, it's not just that the board was silent. It fulfilled his Privacy Act request, said nothing about his request being denied, and the communications that he did send indicated that Mr. Brack would have ample time. As the government conceded, Mr. Brack had up to a year from the unfavorable decision to change review lanes, and the board could not issue a decision within that window. That's memorialized. Do we still have the opportunity now, though, as the government suggested, to raise the same unadjudicated claim argument? No, that's not the same as the opportunity to present it in the first instance before the board when Mr. Brack sought to. And to the extent that... He didn't seek to present it before the board. You said that he first mentioned it in oral argument before the Veterans Court. So it doesn't seem that he ever actually brought this argument to light before the board. I mean, Mr. Brack indicated to the board that he had argument to submit and asked for time to do so. He then identified that argument for the Veterans Court, which the majority did not engage in a harmless error analysis. So to the extent that there's a factual question, this court should remand. But at bottom, there are different standards that are applying in the statement of the case that are not the same as presenting in the first instance argument that you indicated to the board that you wanted to submit, that you had a right to submit, you had told the board when you thought that deadline was, and the board said nothing about a different deadline applying. Okay. Thank you, counsel. I thank both counsels. This case is taken under submission.